

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

September 28, 1964

Honorable Cecil M. Pruett
County Attorney
Hutchison County
Borger, Texas

Opinion No. C-321

Re: In the event that the
office of County School
Superintendent be
abolished by a vote of
the people under Article
2688e, and a person at
the same election is
elected to fill a
vacancy caused by the
death of the school
superintendent, would
it be mandatory that a
salary be paid to the
elected person, if any,
for the unexpired term
of the deceased?

Dear Mr. Pruett:

Your letter requesting a formal opinion of this
office reads in part as follows:

"On the 27th day of August, A.D. 1964,
our County School Superintendent, Maurice
Wilbert Graves, died. He was duly elected
by the people of this County and his present
office will continue until 1966. At the
present time under Article 2688e Vernon
Annotated Civil Statutes, petitions are
being circulated for the purpose of calling
an election to abolish this office. This
election will in all probability be held
with the general election in November,
providing the necessary twenty-five per cent
qualified voters sign this petition. It is
also contemplated that some person, or
persons, will file for this elected job,
although it is the feeling by most of the
people in our community that the office of
County School Superintendent will be
abolished by a vote of the people."

Your question in regard to these facts may be stated

-1533-

as follows:

"If the office is abolished and, if, at
the same time, a person is elected to serve,
would it be mandatory that the office be
continued and that a salary be paid to the
person elected for the unexpired term of the
deceased?"

The minimum compensation of County School Superin-
tendents has been set by the Legislature, Article 2700, Vernon's
Civil Statutes. The local county officials cannot deny this
compensation so long as the office continues to exist.

The relevant inquiry, therefore, becomes: "When
will the office expire?"

Article 2688e reads in part as follows:

"Sec. 1 . . .

"(b) Where the majority of the qualified
electors approve the abolition of the office of
county superintendent, the duties. . .vest in
the county judge in ex officio capacity upon
expiration of the current term of that office. . .

"Sec. 2 . . . .not more than one such
election /to abolish the office of superintendent
or ex officio superintendent/ may be called
during any term of office of the incumbent. . .
and that not during the year that a regular
election for the office is being held." (Emphasis
added).

The clear and unambiguous intent of these Sections is
to prevent the office of County Superintendent from being dis-
continued summarily, and thereby to assure certainty of tenure
for those who seek the office.

In view of the language of Section 1 (b) of Article
2688e, assuring that one who stands for office will serve his
full term; and of the general scheme evidenced by Section 2 of
Article 2688e which assures that the office will not be abolished
while he seeks election; clearly, the office in the instant
case must be continued until the end of the current term of
that office.

Your question is, therefore, answered affirmatively.
If the office of County School Superintendent is abolished

under Article 2688e, and if, at the same time, a person is elected to serve out the term of the deceased incumbent, a salary must be paid to the person so elected until the end of said term. Of course the person elected County Superintendent must qualify and perform the duties of the office.

## SUMMARY

If the office of County School Superintendent is abolished under Article 2688e, Vernon's Civil Statutes, and if, at the same time, a person is elected to serve out the term of the deceased incumbent, a salary must be paid to the person so elected until the end of said term. Of course the person elected County Superintendent must qualify and perform the duties of the office.

Yours very truly,

WAGGONER CARR
Attorney General

By: Larry Craddock, Jr.
Assistant

LC:bk

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
H. Grady Chandler
Robert Norris
Roy Johnson
Jim Briscoe

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler